# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | |
|---|---|
| JOHNNIE ODUM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV406-79 |
| | ) |
| CITY OF PEMBROKE, BRYAN | ) |
| COUNTY POLICE DEPARTMENT, | ) |
| CORPORAL JAMES DOYLE, | ) |
| GEORGE A. WATERS, KATHLEEN | ) |
| JENNINGS, and PUBLIC | ) |
| DEFENDER'S OFFICE, BRYAN | ) |
| COUNTY, GEORGIA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On March 28, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff alleges in his complaint that he is incarcerated as a result of falsified evidence, perjury, and ineffective assistance of counsel.[1] Plaintiff claims that defendant James Doyle, a corporal with the City of Pembroke Police Department, falsified evidence, lied under oath, and committed

---

[1] The Court has liberally construed plaintiff's simple complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court has also considered plaintiff's amended complaint, which was docketed in this case from another civil action because the allegations contained therein were virtually identical to the instant complaint. Docs. 7, 8.

perjury.[2] Plaintiff states that defendant Kathleen Jennings, plaintiff's public defender, questioned Doyle when he committed perjury but failed to "expose him in the courtroom." Doc. 1 at 5. Plaintiff also makes allegations against his previous retained attorney. Plaintiff does not mention the City of Pembroke Police Department or the Bryan County Public Defender's Office in the statement of his claims.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on

---

[2] Plaintiff alleges that Doyle testified as to taking blood, shoes, and a shirt off plaintiff at the county jail. Plaintiff states he has a picture of what he was wearing when he entered the jail and has three officers as witnesses to verify this.

> direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A finding that plaintiff's conviction was based entirely on perjury, false evidence, and his attorney's failure to expose these problems would imply such invalidity of the state court conviction.[3]

Plaintiff's prayer for relief verifies that plaintiff only seeks release from custody. Plaintiff states that he "would like justice." Doc. 1 at 6. Plaintiff does not seek monetary or injunctive relief from any of the defendants. Instead, plaintiff asks for "a federal investigation of Eternal (sic) Affairs, as soon as possible." Id. Plaintiff also generally complains of

---

[3]The Court notes that plaintiff does not state that he actually has been convicted. Regardless, Heck prevents a pre-conviction challenge that implies the invalidity of a potential conviction on a pending criminal charge, if plaintiff has yet to be convicted. Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998).

4

tampering with his mail[4] and lack of a full-time nurse. Plaintiff does not ask for relief specific to his complaints.

Plaintiff states that defendant James Doyle incriminated plaintiff by lying under oath and committing perjury. The Supreme Court has made clear that convicted persons may not bring § 1983 damages claims against police officers or private persons who perjured themselves during trial because both officers and private persons enjoy absolute immunity as witnesses. Briscoe v. LaHue, 460 U.S. 325, 345 (1983). Therefore, to the extent that plaintiff asserts a claim based on any false testimony offered at his criminal trial by defendant Doyle, that claim must fail.

The Supreme Court has also held "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Therefore, plaintiff may not assert a § 1983 cause of action against defendant Kathleen Jennings for her choice of action in the

---

[4]This claim may be moot as plaintiff states he complained about this and has since "been able to get [his] mail in and out." Furthermore, occasional mishandling of mail does not create a § 1983 cause of action. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

courtroom as advocate for plaintiff as a criminal defendant. Plaintiff also attempts a claim against the Bryan County Public Defender's Office. Plaintiff makes no factual allegation against this entity and is clearly attempting a respondeat superior claim based on the actions of Public Defender Jennings. Such a claim is not cognizable under § 1983. Id.; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978).

The City of Pembroke Police Department is not an entity subject to suit under § 1983. Lovelace v. Dekalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a "legal entity" subject to suit); see Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department and detention center not entities capable of being sued). In addition, plaintiff does not make any factual allegation against the police department in his complaint, suggesting that he either has no direct claim against it or is attempting a respondeat superior claim for the actions of individual police officers, which does not

state a cognizable § 1983 claim. <u>Polk County</u>, 454 U.S. at 325; <u>Monell</u>, 436 U.S. at 691 (1978).

Plaintiff alleges that he hired defendant George Waters as his attorney. Plaintiff claims that Waters visited him at the jail, agreed to represent him in two cases for a fee of $12,000.00, and requested a $500.00 retainer. Plaintiff states that jail officials paid Waters this $500.00 from plaintiff's account and that plaintiff has not seen Waters since. Plaintiff may have a tort claim against Waters; however, he does not have a § 1983 claim. Waters, as a retained attorney, is not a state actor or a private citizen acting under color of state law; therefore, plaintiff cannot state a § 1983 against him. <u>Polk County</u>, 454 U.S. at 318 n. 7; <u>Deas v. Potts</u>, 547 F.2d 800, 800 (4th Cir. 1976); <u>Nelson v. Stratton</u>, 469 F.2d 1155, 1155 (5th Cir. 1972). Plaintiff's remedy against Waters, if he indeed has one, is in state court.

For all of the above-stated reasons, this case should be **DISMISSED**. As the Court is recommending dismissal, plaintiff's motion for removal from his present place of confinement (doc. 9) is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this 5th day of **June, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

7